# United States District Court
# For the District of Columbia

COMMUNITY FINANCIAL SERVICES ASSOCIATION
A Maryland Corporation
515 King Street
Alexandria, Virginia  22314

Plaintiff

v.

DEPARTMENT OF DEFENSE
1950 Defense Pentagon
Washington, D.C. 20301-1950

Defendant

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Community Financial Services Association brings this action against the Department of Defense under the Freedom of Information Act 5 U.S.C. 552 (FOIA) to compel compliance with the Act. As grounds for such complaint, the plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. 552(a)(4)(B) and 28 U.S.C. 1331.

1

2. Venue is proper in this District pursuant to 28 U.S.C. 1391(e).

## PARTIES

3. Plaintiff Community Financial Services Association (CFSA) is a national trade association established to ensure consumer confidence in, and the long term success of, the payday advance industry. Its mission is to promote legislation and regulation that provides payday advance customers with substantive consumer protections while preserving their access to short term credit options and to encourage responsible industry practices. Plaintiff CFSA is a Maryland corporation, with its principal place of business located at 515 King Street, Alexandria, Virginia 22314.

4. Defendant Department of Defense (DOD) is an agency of the United States government and is subject to the requirement of the FOIA. Defendant DOD has possession, custody and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 23, 2006, Plaintiff sent a FOIA request to Defendant DOD, by certified mail with a return receipt requested, seeking access to the following information:

All documents relating to or that were utilized by DoD representatives (including, but not limited to DoD employees, third-party contractors, or any military personnel) in the review and production of the "**Report On Predatory Lending Practices Directed at Members of the Armed Forces and Their Dependents,**" (**Report**) and released on August 9, 2006. The requested items relating to the Report include, but are not limited to the following descriptions:

    A. Copies of any work plan for the preparation of this Report and of any interim drafts of the Report, or comments on drafts of the Report, or updates regarding the preparation of the Report.

B. Copies of any contract or agreement relating to this Report, including compensation terms, between DoD and Col. Marcus Beauregard (USAF-Ret.) or his employer, or any other third-party assisting DoD in preparing this Report.
C. Copies of all transcripts or summaries or notes of interviews, telephone calls or meetings involving DoD representatives (including, but not limited to DoD employees, third-parties, or any military personnel) in connection with this Report.
D. Copies of all surveys or statistical analyses conducted or used in connection with this Report.
E. Copies of all 3,393 anonymous case-studies referenced on p. 39 of the Report and of the Navy study on security revocations and denials for financial reasons, together with any supporting information, as referenced on p. 39 of the Report.
F. Copies of all emails, or written documents (including, but not limited to, background data, research assistance, proposed findings or suggested draft language) concerning the Report and its preparation submitted to DoD representatives by anyone (including but not limited to, DoD or military personnel, consumer advocacy groups, government agencies, members of Congress, third parties which provided assistance with the compilation of the Report listed in Paragraph 2 of Page 3 of the Report, or other third parties).
G. Copies of calendars or telephone logs concerning any meetings or discussions with any parties by DoD representatives involved in the preparation of this Report.
H. Copies of all requests for information by DoD representatives made in connection with this Report, and all written or oral responses made to such requests.

This original request is attached to the complaint as Exhibit A.

6. The Office of Freedom of Information of the Defendant DOD acknowledged receipt of the request in correspondence dated September 8, 2006. This correspondence indicated that processing of the request had begun. In addition, the letter informed the Plaintiff that part "E" of the request had been referred to the Department of the Navy based on a determination that the requested records were within the control of that department. This initial response is attached to the complaint as Exhibit B.

7. On October 24, 2006, counsel for Plaintiff again contacted Defendant DOD to request the status of the August 23, 2006 request. On December 8, 2006, the DOD FOIA

officer assigned to this matter responded by letter that the request was still being processed and that a completion date could not be determined at that time. The response is attached to the complaint as Exhibit C.

8. As of the date of this complaint, Defendant DOD has not produced the requested material nor offered any further explanation for its non production. More than 20 working days have passed since the acknowledgement of the FOIA request.

9. On October 24, 2006, counsel for the Plaintiff wrote to the Office of Chief of Naval Operations, Department of the Navy to inquire on the status of the FOIA request forwarded by Defendant DOD as reflected in its initial September 8, 2006 acknowledgement correspondence.

10. On November 17, 2006, the Head of the FOIA Policy Branch for the Chief of Naval Operations wrote to Plaintiff that it had no record of the referral from DOD and considered the October 24, 2006 inquiry from Plaintiff to be the first request for the material. This request was given a file number (DON 200700083) and assigned to the Central Adjudication Facility for "action and direct response" concerning item "E." This response is attached to the complaint as Exhibit D.

11. On January 16, 2007, the Department of the Navy responded with a partial production of documents concerning item "E" of the initial request. The Department of the Navy is not a defendant in this action.

### CAUSE OF ACTION

12. Plaintiff reasserts and incorporates herein the allegations set forth in paragraphs 1 through 11.

13. Under Section 552(a)(3) of the FOIA, Defendant DOD must produce, upon request, documents not specifically exempted by FOIA or for which disclosure is not otherwise prohibited by law within 20 working days.

14. Failure of the Defendant DOD to release these records or not otherwise explain the failure to release is in violation of the FOIA.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(1) Declare that the Department of Defense's failure to release the requested records by the Plaintiff is unlawful;

(2) Order the Department of Defense to make the requested records available to the Plaintiff;

(3) Award Plaintiff its costs, reasonable attorney's fees and other disbursements in this action, and

(4) Grant such other and further relief as may be just and proper.

DATED this 2nd day of February, 2007

Butera & Andrews
Attorneys for Plaintiff
1301 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20004
202.347.6875

By /s/ Dennis M. Hart (935643)

United States District Court
For the District of Columbia

COMMUNITY FINANCIAL SERVICES ASSOCIATION
A Maryland Corporation
515 King Street
Alexandria, Virginia  22314

Plaintiff

v.

DEPARTMENT OF DEFENSE
1950 Defense Pentagon
Washington, D.C. 20301-1950

Defendant

# Exhibit A

## BUTERA & ANDREWS
ATTORNEYS AT LAW
1301 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004-1701

TELEPHONE
(202) 347-6875

HTTP://WWW.BUTERA-ANDREWS.COM

FACSIMILE
(202) 347-6876

August 23, 2006

By Certified Mail
7003 1680 0004 9704 6416

Directorate for Freedom of Information and Security Review
1155 Defense Pentagon
Room 2C757
Washington, D.C. 20301-1155

Dear Sirs:

This is a request for information under the Freedom of Information Act (5 USC 552).

On behalf of our client CFSA, I request a copy of the following documents to be provided to me:

All documents relating to or that were utilized by DoD representatives (including, but not limited to DoD employees, third-party contractors, or any military personnel) in the review and production of the "**Report On Predatory Lending Practices Directed at Members of the Armed Forces and Their Dependents," (Report)** and released on August 9, 2006. This DoD report to Congress is in answer to the requirements established in Section 579 of the National Defense Authorization Act for Fiscal Year 2006. This Report was developed and released through the office of Dr. David Chu, Under Secretary of Defense for Personnel and Readiness, and/or the office of Ms. Leslye Arsht, Deputy Under Secretary of Defense for Military Community and Family Policy, with Col. Marcus Beauregard (USAF-Ret.), now employed as a private contractor in connection with DoD's Financial Readiness Program, reportedly directing how the Report was compiled, and with the involvement of Mr. George Schaefer, Director, DoD State Liaison Office.

The requested items relating to the Report include, but are not limited to the following descriptions:

BUTERA & ANDREWS

    A. Copies of any work plan for the preparation of this Report and of any interim drafts of the Report, or comments on drafts of the Report, or updates regarding the preparation of the Report.
    B. Copies of any contract or agreement relating to this Report, including compensation terms, between DoD and Col. Marcus Beauregard (USAF-Ret.) or his employer, or any other third-party assisting DoD in preparing this Report.
    C. Copies of all transcripts or summaries or notes of interviews, telephone calls or meetings involving DoD representatives (including, but not limited to DoD employees, third-parties, or any military personnel) in connection with this Report.
    D. Copies of all surveys or statistical analyses conducted or used in connection with this Report.
    E. Copies of all 3,393 anonymous case-studies referenced on p. 39 of the Report and of the Navy study on security revocations and denials for financial reasons, together with any supporting information, as referenced on p. 39 of the Report.
    F. Copies of all emails, or written documents (including, but not limited to, background data, research assistance, proposed findings or suggested draft language) concerning the Report and its preparation submitted to DoD representatives by anyone (including but not limited to, DoD or military personnel, consumer advocacy groups, government agencies, members of Congress, third parties which provided assistance with the compilation of the Report listed in Paragraph 2 of Page 3 of the Report, or other third parties).
    G. Copies of calendars or telephone logs concerning any meetings or discussions with any parties by DoD representatives involved in the preparation of this Report.
    H. Copies of all requests for information by DoD representatives made in connection with this Report, and all written or oral responses made to such requests.

    You should know that on this matter we represent a trade association, the Community Financial Services Association (CFSA), consisting of private businesses involved in the payday lending industry and are seeking this information for use by CFSA in representing the payday lending industry's legitimate legislative and other business interests.

    CFSA is willing to pay fees for this request up to a maximum of $2,500 without further authorization. However, if you estimate that the fees will exceed this limit, please inform me first so that I can consider authorizing a higher amount to avoid delay.

2

**BUTERA & ANDREWS**

Please note that I can be contacted at 202-347-6875 to discuss any aspect of this request.

Sincerely

Dennis Hart
Butera & Andrews
Counsel for CFSA
202-347-6875
dhart@butera-andrews.com

United States District Court
For the District of Columbia

COMMUNITY FINANCIAL SERVICES ASSOCIATION
A Maryland Corporation
515 King Street
Alexandria, Virginia  22314

                Plaintiff

v.

DEPARTMENT OF DEFENSE
1950 Defense Pentagon
Washington, D.C. 20301-1950

                Defendant

# Exhibit B



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

0 8 SEP 2006

Ref: 06-F-2620

Mr. Dennis Hart
Butera & Andrews
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004-1701

Dear Mr. Hart:

This is an interim response to your August 23, 2006, Freedom of Information Act (FOIA) request on behalf of Community Financial Services Association (CFSA) for all documents relating to or that were utilized by Department of Defense (DoD) representatives in the review and production of the "Report On Predatory Lending Practices Directed at Members of the Armed Forces and Their Dependents (Report)" released on August 9, 2006. We received your request on August 29, 2006, and assigned it FOIA case number 06-F-2620.

With regard to any processing fees associated with your request, we have placed you in the commercial requester fee category. As such, you are responsible for all processing fees associated with this request. Processing will be assessed at the established DoD fee rates of: clerical search time--$20 per hour; professional search time--$44 per hour; executive search time--$75 per hour; and document reproduction at $0.15 per page. We will process your request up to the $2,500 that you have authorized, but anticipate that the cost of processing your request may exceed $2,500. We are, therefore, asking the components of the Office of the Secretary of Defense (OSD), which may have responsive records, to prepare an estimate of the processing costs, which we will provide to you.

Item E of your request seeks access to copies of "the Navy study on security revocation and denials for financial reasons, together with supporting information" as referenced in the Report. This Office is responsible for handling all FOIA requests for access to records maintained only by the Office of the Secretary of Defense (OSD) and the Joint Staff (JS). Accordingly, we are referring this portion of your request to the Navy for review and direct response to you. If you have any questions regarding this referral, you should contact the Navy FOIA office at:

Department of the Navy
Office of the Chief of Naval Operations
N09B10
2000 Navy Pentagon
Washington, D.C. 20340-2000

      We will begin to process your request within the OSD and will advise you of the cost estimate as soon as possible.

                                        Sincerely,

                                        Will Kammer
                                        Chief

United States District Court
For the District of Columbia

COMMUNITY FINANCIAL SERVICES ASSOCIATION
A Maryland Corporation
515 King Street
Alexandria, Virginia  22314

Plaintiff

v.

DEPARTMENT OF DEFENSE
1950 Defense Pentagon
Washington, D.C. 20301-1950

Defendant

# Exhibit C

1



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

DEC 0 8 2006
Ref: 06-F-2620

Mr. Dennis Hart
Butera & Andrews
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004-1701

Dear Mr. Hart:

    This is in response to your October 24, 2006, letter requesting the status of your August 23, 2006, Freedom of Information Act request (FOIA case #06-F-2620).

    We appreciate your letter and can assure you that this Office shares your interest in obtaining the responsive documents you requested, without undue delay. Your FOIA request is being processed as expeditiously as possible in accordance with procedural requirements promulgated in Department of Defense (DoD) Regulation 5400.7-R, and on the internet at: http://www.defenselink.mil/pubs/foi/. As you are aware, your request is extensive and detailed, and our internal inquiry has determined that a search for responsive records has identified over 5000 pages of potentially responsive material. This case is currently being processed and the documents are being reviewed to determine their responsiveness and releasability. However, a completion date cannot be determined at this time due to the complexity of the case, the amount of material being processed and our own administrative workload, which consists of over 2400 cases.

    This Office is proceeding deliberately, systematically and conscientiously in order to assist with the processing of records responsive to your request. Once the processing is completed, we will provide you with a substantive response. If you should have any questions, please contact the action officer assigned to the case, Mr. Aaron Graves, at (703) 696-3190.

    Sincerely,

    Will Kammer
    Chief

United States District Court
For the District of Columbia

COMMUNITY FINANCIAL SERVICES ASSOCIATION
A Maryland Corporation
515 King Street
Alexandria, Virginia 22314

                Plaintiff

v.

DEPARTMENT OF DEFENSE
1950 Defense Pentagon
Washington, D.C. 20301-1950

                Defendant

# Exhibit D



**DEPARTMENT OF THE NAVY**
OFFICE OF THE CHIEF OF NAVAL OPERATIONS
2000 NAVY PENTAGON
WASHINGTON, D.C. 20350-2000

IN REPLY REFER TO

5720
Ser DNS-36D/6U833647
November 17, 2006

Mr. Dennis Hart
Butera and Andrews
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004-1701

Dear Mr. Hart:

This refers to your Freedom of Information Act (FOIA) request of October 24, 2006.  Your request was received by this office on November 7, 2006, and assigned Case File Number DON 200700083.

Please be advised that our files do not reflect receipt of a referral from DOD FOIA.  Based on their letter which you provided, we are referring your request for a copy of DONCAF report cited on page 39 of the "Report on Predatory Lending Practices Directed at Members of the Armed Forces and Their Dependents" to the Navy Central Adjudication Facility (DONCAF), 716 Sicard Street SE, Washington DC 20388-5389, for action and direct response to you regarding item E.

Should you have any questions, please contact Ms. M. Phyllis Shaw of my staff at (202) 685-6530.

Sincerely,

DORIS M. LAMA
Head, DON PA/FOIA Policy Branch
By direction of the
Chief of Naval Operations
(202) 685-6545

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Community Financial Services Association

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Butera & Andrews
1301 Pennsylvania Avenue N.W.  Suite 500
Washington, D.C. 20004
202.347.6875

## DEFENDANTS
Department of Defense

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 USC 552 (Freedom of Information Act) Complaint for Declaratory and Injunctive Relief

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  February 2, 2007   SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.